IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL W. LOGAN, | ) 1:12cr506 (JCC) |
| | ) |
| | ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion for Bill of Particulars [Dkt. 24], Motion to Dismiss for Lack of Venue [Dkt. 25], and Motion to Transfer Venue for Trial [Dkt. 26]. At the hearing on March 29, 2012, counsel for Defendant orally withdrew the Motion for Bill of Particulars and the Motion to Dismiss for Lack of Venue, in light of the Superseding Indictment filed. [*See* Dkt. 43.] In addition, this Court denied Defendant's remaining motion, the Motion to Transfer Venue, for the reasons set out below.

### I. Background

A. Factual Background

On December 6, 2012, a grand jury returned a two-count indictment charging Defendant Logan and co-Defendant Theordric Delur Bingham with one count of conspiracy to commit bank fraud,

and one count of conspiracy to commit money laundering, in violation of 18, U.S.C. §§ 1349 and 1956(h).[1]  [Dkt. 1.]  On March 27, 2013, a grand jury returned an eleven-count superseding indictment charging Defendant Logan with one count of conspiracy to commit bank and wire fraud, six counts of wire fraud, and four counts of money laundering.  [Dkt. 39.]

    B.    Procedural Background

On January 17, 2013, Defendant Logan filed the Motion for Bill of Particulars and Motion to Dismiss for Lack of Venue.  [Dkts. 24, 25.]  He filed his Motion to Change Venue for Trial on January 25, 2013.  [Dkt. 26.]  The Government filed its opposition briefs on January 28, 29, and February 5, 2013.  [Dkts. 27-29.]  Defendant replied on February 15, 2013.  [Dkts. 31-32.]  On March 27, 2013, the Superseding Indicted was filed.  [Dkt. 39.]  This Court arranged Defendant on the Superseding Indictment on March 29, 2013, and held a hearing on Defendant's motions that same day.  Defendant withdrew his Motion for Bill of Particulars and Motion to Dismiss for Lack of Venue at that time, in light of the Superseding Indictment.  [Dkt. 43.]

Defendant's Motion to Transfer Venue for Trial is now before the Court.

---

[1] The Court notes that Defendant Bingham has pleaded guilty to both counts and awaits sentencing.

## II. Analysis

Defendant requests that the Court transfer venue for trial only to the Northern District of Georgia, Atlanta Division. (Def. Mot. to Transfer Venue for Trial [Dkt. 26].) Upon the defendant's motion, a district court may transfer a criminal case to another district "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). The decision whether to transfer a case is within the "sound discretion of the district court." *United States v. Heaps*, 39 F.3d 479, 482 (4th Cir. 1994). The defendant bears the burden of proving that transfer is appropriate. *United States v. Offill*, No. 09cr134, 2009 WL 1649777, at *2 (E.D. Va. June 10, 2009). "For a defendant to succeed on a [Rule 21(b) transfer motion], the defendant must demonstrate that prosecution of the case in the district where the count was properly filed would result in a substantial balance of inconvenience to the defendant." *United States v. Ferguson*, 432 F. Supp. 2d 559, 562 (E.D. Va. 2006) (internal quotation marks omitted).

In deciding whether transfer is appropriate, the court should consider the following factors, known as the *Platt* factors: (1) location of the defendant; (2) location of witnesses; (3) location of events likely to be in issue; (4) location of documents and records; (5) disruption of the

defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket conditions in each district; and (10) any other specific element which might affect the transfer. *Heaps*, 39 F.3d at 482 (citing *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964)).

    A.   <u>Location of Defendant</u>

Defendant resides in Clermont, Florida, rather than either of the two districts in question here, the Eastern District of Virginia or the Northern District of Georgia. (Ex. A to Gov't Opp. [Dkt. 29-1].) The location of the defendant "is not a dispositive factor" as criminal defendants "have no right to be tried in their home district, nor does the location of the defendant's home have independent significance in determining whether transfer to that district would be in the interests of justice." *United States v. Farkas*, No. 1:10-CR-200, 2010 WL 3835110, at *2 (E.D.Va. Sept. 24, 2010) (quoting *Offill*, 2009 WL 1649777, at *3). Although Defendant does live hundreds of miles away from the Northern District of Georgia, that district is much closer to his home than the Eastern District of Virginia. The Court finds that this factor supports transfer but that it is entitled to little weight as it is not dispositive and because Defendant will have to travel a significant distance to either district.

B. Location of Witnesses

Defendant specifically identifies six witnesses who live in the Atlanta area or less than a two hour drive from it. Four of these witnesses are individual borrowers connected to this case who submitted loan applications allegedly containing false statements or misrepresentatives. (Def. Mot. to Change Venue at 2-3; Ex. 1. to Def. Mot. to Change Venue [Dkt. 26-1].) The other two are a real estate agent who assisted the Defendants in finding the homes which were obtained by the individual borrowers and a solo practitioner attorney who assisted with real estate closings in regard to the homes obtained by these borrowers. (*Id.*) A seventh witness now lives in the Tampa, Florida area which, although significantly outside of Atlanta, is closer to Atlanta than Alexandria. (Def. Mot. to Change Venue at 2.)

The Government notes that other key witnesses include cooperating co-conspirator Duane Nixon, bank representatives, and the case agent, all of whom are in the Eastern District of Virginia. Defendant notes, however, that Mr. Dixon would be transported and housed at the government's expense (not his own) for a limited number of days if this case was transferred. In addition, Defendant argues that the majority of the bank representatives probably will not have personal knowledge of the matters relevant at trial and some of their appearances can be

5

avoided by standard stipulations. In contrast, the loan-borrower witnesses identified by Defendant are key witnesses with personal knowledge of the events at issue and for the most part live in the metro Atlanta area or close to it.

Considering the witnesses as a whole, the Court finds that this factor weights in support of transfer.

### C. Location of Events

In arguing that the location of events favors transfer, Defendant suggests that the majority, if not all, of the two defendants' alleged misconduct and the relevant conduct of most of the critical witnesses occurred in or near the Atlanta area. Defendant, however, was indicted for a multi-district conspiracy to commit bank fraud, among other charges, which involved conduct in this District *and* in the Atlanta area. At discussed at the March 29, 2013 hearing, many of the alleged events at issue took place in this District. This factor does not, therefore, support transfer.

### D. Location of Documents and Records

Defendant does not contest the Government's assertion that the majority of the documents and records at issue are located in the Eastern District of Virginia. Instead, he argues that these documents easily could be transmitted electronically to the Northern District of Georgia. The documents currently, though, are in this District. Moreover, Defendant fails to

identify *any* crucial documentary evidence which is located in the Northern District of Georgia, much less any documents there which would be difficult to transport or transmit to the current District. Accordingly, this factor does not militate in favor of transfer.

  E. <u>Disruption of Defendant's Business</u>

  Defendant does not raise this factor as a reason to support transfer of this case. As the Government notes, without further evidence, there is no reason to believe that failure to transfer this case will disrupt any business of Defendant. He does not appear to be employed currently and is represented by the federal public defender's office in this District. As a result, this factor does not support transfer.

  F. <u>Expense to the Parties</u>

  As noted by the Government in its opposition, as in *Offil*, "[a] trial in [Georgia] will impose costs on the government, as the taxpayer would bear the burden of paying for travel, meals, and lodging for the prosecution team, as well as shipping costs for trial materials" but "[o]n the other hand, motions and trial practice will require [Logan] to travel to Alexandria, and undoubtedly this will impose an expense." 2009 WL 1649777, at *4. In addition, the "Government is not only paying for the prosecution, but is currently covering [defendant's] litigation expenses under the Criminal Justice

7

Act" as defendant is represented by court-appointed counsel. *Farkas*, 2010 WL 3835110, at *5. There will be some financial burden on at least one party regardless of whether this trial is held. While it may cost Defendant more to go to trial in this District, it would cost the Government more if this case were to be transferred. "Merely shifting the burden of expense from one party to another is not a good reason for transfer." United States v. Kanner, No. 07-CR-1023, 2008 WL 2663414, at *7 (N.D. Iowa June 27, 2008). Accordingly, this factor does not support transfer.

        G.    <u>Location of Counsel</u>

All of the relevant attorneys are in this District: the prosecution team, Defendant's court-appointed defense lawyer, and the cooperating co-conspirator's lawyer. In response, Defendant argues that the mechanism and procedure for the travel of the government lawyers already exists as many of the government's cases involve travel and that these attorneys could easily travel to Atlanta since it is a major city. Those considerations do not change the fact that all of the key attorneys in this case currently are located in the Eastern District of Virginia. Therefore, this factor weighs against transfer.

H. Relative Accessibility of Place of Trial

Defendant asserts that Atlanta is very accessible as it is located in the center of a major city, surrounded by hotels, served by a large airport, and has a United States Attorney's Office in the same building. He also argues that Atlanta is more accessible by airplane, train, or bus to him than is Alexandria.

The court notes, however, as others in this District have, that the Alexandria federal courthouse is surrounded by hotels and within a few blocks of public transportation to Washington Reagan National Airport, which is located just five miles away. *See Ferguson*, 432 F. Supp. 2d at 568; *Farkas*, 2010 WL 3835110, at *6; *Offill*, 2009 WL 1649777, at *5. Likewise, an Amtrak train station is within a few blocks of the courthouse, next to the public transportation stop. In addition, just like the courthouse in Atlanta, a United States Attorney's Office with substantial resources is attached to the Alexandria courthouse. Given the high level of accessibility to this courthouse, this factor does not support transfer.

I. Docket Conditions

According to the most recent statistics, the Eastern District of Virginia has a median time of 5.1 months from filing to disposition of a criminal felony case. (Eastern District of Virginia Judicial Caseload Profile, Ex. B to Gov't Opp. [Dkt.

29-2].) The corresponding statistic in the Northern District of Georgia is 10.2 months. (Northern District of Georgia Judicial Caseload Profile, Ex. C to Gov't Opp. [Dkt. 29-3].) This is exactly twice as long as the time to disposition in the Eastern District of Virginia. The Eastern District of Virginia has the sixth fastest criminal docket in the nation as compared to the Northern District of Georgia which ranks 59th. (*See* Eastern District of Virginia Judicial Caseload Profile; Northern District of Georgia Judicial Caseload Profile.) Transfer of this case to the Northern District of Georgia therefore could result in substantial delay. Thus, this factor does not support transfer.

    J.    <u>Special Considerations</u>

"[T]he tenth factor announced in Platt is a catch-all designed to make clear that the first nine are not exhaustive and that courts considering transfer motions must always consider whether the case presents 'any other special elements' that might affect the transfer analysis." *United States v. Smith*, 293 F. Supp.2d 631, 641 (E.D.Va. 2003) (citing *Platt*, 376 U.S. at 244). A co-defendant in this case, Theodric Bingham, recently entered a guilty plea. [Dkts. 36-38.] In addition, another cooperating co-conspirator, Duane Nixon, resides in this area. To the extent the case involves overlapping evidence and witnesses, the Government may conserve resources by prosecuting

10

Defendant here. *See Offill*, 2009 WL 1649777, at *5. And "since all of these prosecutions arise from the same conspiracy . . . disposing of the cases in a unified manner is advisable." *Id.* (citing *United States v. Smallwood*, 293 F. Supp. 2d 631, 640 (E.D. Va. 2003)).

In sum, almost all of the factors weight against transfer. Accordingly, Defendant has not demonstrated "a substantial balance of inconvenience," *Ferguson*, 432 F. Supp. 2d at 562, and the motion to transfer venue will be denied.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Bill of Particulars and Motion to Dismiss for Lack of Venue are withdrawn, and this Court will deny Defendant's Motion to Transfer Venue for Trial.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| April 4, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |